United States Bankruptcy Court
For The
Western District of Kentucky

IN RE: )
   Jonathan E. Danseby )
   Miranda R. Dansby ) Case No.
   ) 21-32400
       Debtor )
_____)

## AMENDED ORDER OF CONFIRMATION

A Plan Under Chapter 13 of Title 11 and application for confirmation having been duly filed, creditors having been notified, and it appearing that said plan complies with provisions of Section 1325 of said chapter;

IT IS HEREBY ORDERED that said plan is confirmed.

IT IS HEREBY ORDERED that the trustee, William W. Lawrence, collect a payment of $1992.00 each month for a period of 60 months from the debtors, and discharge the funds as follows:

1) Mary E. Burnett, attorney for debtor, is awarded a fee in the amount of $4,100.00 to be paid as follows: $1,500 with the first disbursement to the secured creditors, and $200 per month until paid in full.
.
2) Secured creditors shall be paid before priority creditors, who shall be paid before unsecured creditors. Monthly payments to secured creditors will be determined on a pro-rata basis by the trustee, unless otherwise indicated below. The following secured and/or priority claims are hereby allowed:

| Creditor | Secured | Unsecured |
|---|---|---|
| #3 US Dept of Education<br>PO Box 790321 St. Louis MO 63179<br>paid outside | | |
| #4 Wells Fargo Auto<br>PO Box 17900 Denver CO 80217 | $14,895.26<br>3.80% interest | |
| #5 Freedom Rd Financial<br>PO Box 51571<br>Los Angeles CA 90051 | $3,470.51<br>4.25% interest<br>$34/mo AD PRO pmt pd w/atty fees | |
| #7 Citizens Bank | | |

1 Citizens Way
Johnston RI 02919 $21,409.36
4.25% interest

#10-13 Navient Solutions
PO Box 9000 Wilkes-Barre PA 18773
paid outside

#20  M&T Bank
PO Box 1345 Buffalo NY 14240
paid outside

#21  US Department of Housing and Urban Development
40 Marietta Street
Atlanta, GA 30303
paid outside

Payment will be made on pro-rata basis to unsecured creditors, whose claims are filed and allowed, until such claims are paid at the proposed percentage.  The plan is presently proposed at 100%; however, the percentage for any plan less than 100% may increase upon the filing of the schedule of allowed claims.

> IT IS FURTHER ORDERED that the debtor's attorney examine unsecured claims and file a schedule of allowed claims by no later than March 10, 2022.  The schedule will reflect the percentage increase should the unsecured claims filed and allowed require an increase in the percentage paid to unsecured creditors.  All objections to unsecured claims filed but not allowed must be filed prior to the same date.

> IT IS FURTHER ORDERED that any debtor paying less than 100% to unsecured creditors submit copies of federal and state income tax returns, execute an assignment of federal and state income tax refunds to the plan to the Chapter 13 trustee, and submit a current income and expense statement annually, before May 15 of each year of the plan, pursuant to the local rules.

> IT IS FURTHER ORDERED that the debtor be restrained from disposing of any property, in any manner whatsoever, without prior approval of this Court, and to promptly report to this Court any destruction of said property.

> IT IS FURTHER ORDERED that the debtor be restrained from incurring any new indebtedness or financial obligations without permission of this Court, except for hospital, medical or dental expenses.

> IT IS FURTHER ORDERED that, if any governmental entity has filed a proof of claim showing unfixed tax returns, the debtor shall file or otherwise satisfy the filing requirements relating to the unfixed returns within 90 days from the date of entry of this order.

IT IS FURTHER ORDERED that, except as provided for in the Debtor's plan, no creditor holding a debt subject to discharge under Section 1328(a) shall be entitled to any late charges, interest, penalties, additional attorney's fees or fees of any kind or nature without further Order of this Court. No creditor holding a debt subject to discharge under Section 128A(a) shall be allowed under the Debtor's discharge to add any late charges, interest, penalties, additional attorney's fees or fees of any kind or nature arising after the entry of the Order for Relief and before the Debtor's Discharge except as provided for in the Debtor's plan or by Order of this Court.

IT IS FURTHER ORDERED that, the debtor's plan payment shall commence within thirty (30) days of filing the petition. The attorney for the debtor shall fully escrow <u>all</u> pre-confirmation plan payments as required by Local Rule 13.4 and 11USC 1326. If the attorney for the debtor fails to turnover all pre-confirmation money to the Trustee within ten (10) days of confirmation, the Trustee is directed to file a motion to dismiss this Chapter 13, and the Court shall then enter an order dismissing this case immediately.

In the event of any unauthorized default in payments by the debtor, the trustee is directed to promptly report such default to this Court and upon the filing of such report, this Court shall set a hearing for show cause as to why the debtor's petition should not be dismissed. The Confirmation Order constitutes a finding that all requirements of Section 521(a)(1)(B) and 521(e)(2)(A)(i) have been met.

A copy of this order is sent to the debtor, to the attorney for the debtor, to the trustee, William W. Lawrence; and to all creditors.

*Charles R. Merrill*
Charles R. Merrill
United States Bankruptcy Judge
Dated: August 2, 2022

Prepared by Debtor's Attorney,
Mary Eleanor Burnett
915 Memorial Court, Suite 100
Elizabethtown, KY 42701
270.769.4618
mary@bcglawcenter.com